JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Buccelli<br><br>v.<br><br>PLAINTIFF(S) | **CASE NUMBER**<br><br>2:23-cv-02613-MEMF-JC |
| Sheryl Evans<br><br>DEFENDANT(S) | **ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.  ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Specific information about Plaintiff's finances.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

May 4, 2023                                              /s/ *[signature]*
_____                    _____
Date                                                          United States District Judge

Because Plaintiff James Buccelli ("Plaintiff") has requested leave to proceed without prepayment of the filing fees in this action ("IFP Request"), the Court has screened the Complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Federal courts are courts of limited subject matter jurisdiction. They may only hear actions (1) that arise out of federal questions (28 U.S.C. § 1331), or (2) that trigger diversity jurisdiction (28 U.S.C. § 1332(a)(1)). Other actions must be filed in other courts, such as state court.

Here, Plaintiff purports to bring this action under federal question jurisdiction and bases his Complaint on the federal criminal statute for blackmail and extortion, 18 U.S.C. § 873. (ECF No. 1 at 3.) Also, Plaintiff appears to rely on 18 U.S.C. § 41 for a cause of action for blackmail and extortion. (Id.) However, 18 U.S.C. § 41 relates to hunting and fishing offenses. Thus, it appears Plaintiff's reference is to Chapter 41 of the United States Code, which includes 18 U.S.C. § 873. Yet, 18 U.S.C. § 873 does not provide a private right of action to support a civil suit. See Leibman v. Prupes, No. 2:14-CV-09003-CAS, 2015 WL 898454, at *14 (C.D. Cal. Mar. 2, 2015); see also Nithya Vinayagam v. US Department of Labor, Administrative Review Board, et. al., No. 2:18-cv-01206-RFB-DJA, 2023 WL 2756429, at *4 (D. Nev. Mar. 31, 2023). Therefore, Plaintiff has not asserted a federal question and it does not appear that he can.

Finally, there is no diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff alleges that both he and Defendant are citizens of California. (ECF No. 1 at 3.)

Accordingly, the Court lacks subject matter jurisdiction over this action and it must be dismissed

*(attach additional pages if necessary)*